### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy J. Boe, | Civil No. 10-2171 (JRT/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| JP Morgan Chase Bank, NA; Chase Home Finance LLC; John or Jane Does 1-100; and John Roes 1-100, | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendants JP Morgan Chase Bank, NA and Chase Home Finance LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 16) and Plaintiff Timothy J. Boe's Motion to Deny Dismissal Motion (Doc. No. 32). The Honorable John R. Tunheim, United States District Judge, referred the initial motion to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), in an Order of Reference dated February 10, 2011. The second motion is essentially Plaintiff's response in opposition to the motion to dismiss.

## I.    BACKGROUND

"When evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006) (citation omitted). The following facts are alleged in the Complaint and contained in the attached exhibits.

On February 28, 2007, Defendant JPMorgan Chase Bank, N.A. ("Chase") loaned $232,400 to Plaintiff Timothy J. Boe ("Plaintiff") to purchase real property located at 5121 70th Avenue, Princeton, Minnesota ("Property"). (Compl. ¶¶ 8, 9 & Exs. A, E.) As consideration for the loan, Plaintiff executed a promissory note and mortgage. (*Id.* ¶¶ 8, 13.) After making several payments, Plaintiff defaulted on the loan, leading to a foreclosure of the Property and a Sheriff's sale on March 19, 2009. (*Id.* ¶¶ 23, 27, 30, 31 & Ex. E.) On May 21, 2010, Plaintiff sent a letter seeking to rescind the loan. (*Id.* ¶ 12 & Ex. F.)

On May 27, 2010, Plaintiff brought this action against Chase, Chase Home Finance, LLC ("Chase Finance"), unknown investors John or Jane Does 1-100, and undisclosed mortgage aggregators, mortgage originators, loan sellers, trustees of pooled assets, and trustees for holders of certificates of collateralized mortgage obligations John Roes 1-100. Plaintiff asks the Court to void the mortgage, note, and foreclosure, and award him damages and injunctive relief. He alleges the following substantive causes of action: (1) violations of the Truth in Lending Act ("TILA"), (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), (3) violation of Minn. Stat. § 336.2-201, (4) defects in the foreclosure process, and (5) intentional infliction of emotional distress. Chase counterclaimed for a declaratory judgment that it is the true and lawful owner of the Property and entitled to immediate and exclusive possession.

## II.      STANDARD OF REVIEW

A party may move for judgment on the pleadings at any time after the pleadings are closed, as long as the motion will not delay trial. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610. A motion for

judgment on the pleadings is assessed under the same standard as a motion to dismiss under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Dismissal under Rule 12(b)(6) is proper when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Allegations that are "merely consistent with" liability are insufficient to create plausibility. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Generally, the Court may not consider matters outside the pleadings on a motion for judgment on the pleadings. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). There are limited exceptions to this rule for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings. *See id.*

## III.    DISCUSSION

### A.    TILA

Plaintiff alleges that Chase and Chase Finance failed to make disclosures required by TILA and related regulations. He further alleges that certain disclosures were confusing, and that Chase and Chase Finance did not sign the mortgage. Chase and Chase Finance argue that the TILA claim is time-barred.

A claim for damages under TILA must be asserted "within one year from the date of occurrence of the violation." 15 U.S.C. § 1640(e); *see also Aschoff v. Osmond State Bank*, 760 F.2d 201, 202 (8th Cir. 1985). The one-year period begins on the date of the closing. *See DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1105 (D. Minn. 2010). The loan at issue here closed on February 28, 2007, and Plaintiff filed his Complaint on May 27, 2010, well after the one-year period.

Absent fraudulent concealment, a failure to make required disclosures alone does not toll the one-year period. *Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999). "For the Federal common law doctrine of fraudulent concealment to apply, the Plaintiff must show: 1) that the Defendant engaged in a course of conduct to conceal evidence of the Defendant's alleged wrongdoing; and 2) that the Plaintiff failed to discover the facts giving rise to [his] claim despite [his] exercise of due diligence." *Id.* Plaintiff has not alleged any facts that Chase or Chase Finance engaged in a course of conduct to conceal evidence of wrongdoing or that Plaintiff exercised due diligence in attempting to discover the relevant facts. Consequently, fraudulent concealment does not apply to toll the one-year period.

A borrower's right to rescind under TILA "shall expire three years after the date of consummation of the transaction . . ., notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered . . . ." 15 U.S.C. § 1635(f). Here, Plaintiff alleges he attempted to rescind his loan on May 21, 2010, which was more than three years after the transaction was consummated. Thus, his attempt to rescind was time-barred. Furthermore, residential mortgage transactions are expressly exempted from TILA's rescission provision. 15 U.S.C. § 1635(e)(1); *see Kamara v.*

*Columbia Home Loans, LLC*, 654 F. Supp. 2d 259, 264 (E.D. Pa. 2009). Thus, Plaintiff was not entitled to rescind his loan.

Plaintiff's TILA claim also fails to the extent it is based on the doctrine of recoupment. Title 15 U.S.C. § 1640(e) allows borrowers to assert set-off and recoupment "as a matter of defense" more than one year after the occurrence of a TILA violation. "This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e). TILA's set-off or recoupment provision may be asserted only defensively, not offensively as Plaintiff seeks to do. *See DeVary*, 701 F. Supp. 2d at 1106. Thus, his offensive set-off and recoupment claim fails.

### B.     RESPA

Plaintiff's second cause of action alleges a violation of RESPA, 12 U.S.C. § 2607. This claim is also time-barred. A RESPA claim brought pursuant to § 2607 must be asserted within "3 years . . . from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614. As with TILA, the limitations period is measured from the closing date. *See Johnson v. Resource Bancshares Mortg. Group*, No. 97-2378 (DWF/AJB), 2000 WL 34424097, at *2 (D. Minn. May 15, 2000). For equitable tolling to apply, Plaintiff must show that Chase or Chase Finance fraudulently concealed facts at the core of the action and that he exercised due diligence to discover pertinent facts. *Id.* Plaintiff has alleged no facts in support of either element. Consequently, the one-year limitations period applies and bars his RESPA claim.

### C.     The Statute of Frauds

Plaintiff alleges that the mortgage is void under Minn. Stat. § 336.2-201 because Chase did not sign it. Plaintiff erroneously relies on the statute of frauds governing sales of goods rather than the statute governing conveyances of real property, Minn. Stat. § 513.04. Granting Plaintiff's Complaint liberal construction, as it must, Chase and Chase Finance present their argument in terms of Minn. Stat. § 513.04.

The statute of frauds governing conveyances of real property under Minnesota law does not require a mortgagee to sign a mortgage; only the mortgagor must sign. Minn. Stat. § 513.04; *see Boe v. TCF Nat'l Bank*, Civ. No. 10-2362 (DWF/JJK), 2010 WL 3827946, at *3 (D. Minn. Sept. 24, 2010). As Chase was not required to sign the mortgage, this aspect of Plaintiff's claim fails. To the extent Plaintiff claims a violation of the statute of frauds because he did not sign the note or mortgage, his factual allegations establish the contrary. "Plaintiff executed a promissory note and a security agreement in favor of [Chase.]." (Compl. ¶ 8.) "As evidence of the allege[d]-loan transaction, Plaintiff signed and delivered to [Chase] a written promissory note." (Compl. ¶ 13.) Accordingly, Plaintiff's statute of frauds claim should be dismissed.

### D.     The Foreclosure Process

Plaintiff's fourth cause of action alleges deficiencies in the foreclosure process. The first alleged deficiency is that Chase did not possess the original note and mortgage at the time of the foreclosure. However, there is no legal requirement that Chase must produce the original note and mortgage before foreclosing. *See Hintz v. JP Morgan Chase Bank*, Civ. No. 10-119 (DWF/AJB), 2010 WL 4220486, at *2 (D. Minn. Oct. 20, 2010); *Stein v. Chase Home Fin., LLC*, Civ. No. 09-1995 (MJD/JJG), 2010 WL 4736828, at *3, 5 (D. Minn. Aug. 13, 2010).

Plaintiff has also made general allegations of fraud. Allegations of fraud must be pled with particularity. Fed. R. Civ. P. 9(b). "To satisfy the particularity requirement of Rule 9(b), the complaint must identify the who, what, where, when, and how of the alleged fraud." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). Plaintiff's conclusory allegations do not meet this standard.

### E.       Intentional Infliction of Emotional Distress

The elements of an intentional infliction of emotional distress claim are (1) extreme and outrageous conduct, (2) intentionally or recklessly performed, (3) causing (4) severe emotional distress. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). "The operation of this tort is sharply limited to cases involving particularly egregious facts." *Id.* at 439. In the present case, Plaintiff has not pled sufficient facts to state a claim for intentional infliction of emotional distress. First, the alleged conduct of Chase and Chase Finance was not "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *See Haagenson v. Nat'l Farmers Union Prop. & Cas. Co.*, 277 N.W.2d 648, 652 n.3 (Minn. 1979). Second, Plaintiff's claims of sleeplessness, irritability, and severe nervousness do not constitute severe emotional distress. *See Boe*, 2010 WL 3827946, at *3.

### F.       Injunctive Relief

Chase and Chase Finance move to dismiss Plaintiff's request for injunctive relief, noting that the request contains no independent facts but relies on other allegations of the Complaint. Because all of Plaintiff's substantive claims should be dismissed, there is no foundation for an award of injunctive relief, and this claim for relief should be dismissed as well.

### G.  Allegations Raised at the Motion Hearing

Plaintiff made numerous oral allegations at the motion hearing concerning two mortgage brokers, an appraiser, Freddie Mac, foreclosure requirements for agricultural property, a mechanic's lien, and a quit-claim deed. The Court will not repeat the details of those allegations because none of them were pled in the Complaint, and the Court's review of the record is limited to the pleadings. Furthermore, as Plaintiff conceded, none of the conduct is attributable to Chase or Chase Finance.

### H.  Chase and Chase Finance's Counterclaim

Chase and Chase Finance did not move for judgment on their counterclaim for declaratory judgment. When asked about the counterclaim at the hearing, they represented that if the motion to dismiss is granted, the counterclaim should be dismissed for lack of supplemental jurisdiction. A court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Chase and Chase Finance's claim for declaratory relief "does not provide an independent basis for federal jurisdiction." *Victor Foods, Inc. v. Crossroads Econ. Dev.*, 977 F.2d 1224, 1227 (8th Cir. 1992) (citation omitted). Accordingly, the Court recommends that if the motion to dismiss is granted, the counterclaim be dismissed for lack of supplemental jurisdiction.

### I.  Defendants John and Jane Does 1-100 and John Roes 1-100

Plaintiff filed this action more than ten months ago. He has not moved to amend his Complaint to identify Defendants John and Jane Does 1-100 and John Roes 1-100, nor has he served those Defendants. The Court therefore recommends that Defendants John and Jane Does 1-100 and John Roes 1-100 be dismissed without prejudice pursuant to Federal Rule of Civil

Procedure 4(m), unless Plaintiff files proof of service with the Clerk of Court before the end of the Objections period.

## IV.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Defendants JP Morgan Chase Bank, NA and Chase Home Finance LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 16) be **GRANTED**;

2.    Plaintiff Timothy J. Boe's Motion to Deny Dismissal Motion (Doc. No. 32) be **DENIED**;

3.    All claims against Defendants JP Morgan Chase Bank, NA and Chase Home Finance LLC be **DISMISSED WITH PREJUDICE**;

4.    Defendants JP Morgan Chase Bank, NA and Chase Home Finance LLC's counterclaim be **DISMISSED WITHOUT PREJUDICE**;

5.    Defendants John and Jane Does 1-100 and John Roes 1-100 be **DISMISSED WITHOUT PREJUDICE**, unless Plaintiff files proof of service with the Clerk of Court before the end of the Objections period; and

6.    **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 13, 2011

 s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 28, 2011**.  A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.  The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.