UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMOTHY J. BOE, | Civil No. 10-2171 (JRT/JJG) |
| Plaintiff/Counter Defendant, | |
| v. | |
| JP MORGAN CHASE BANK, NA and CHASE HOME FINANCE LLC, | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| Defendants/Counter Claimants, | |
| JOHN OR JANE DOES 1-100, *unknown investors*, and JOHN ROES 1-100, *being undisclosed mortgage aggregators (wholesalers), mortgage originators, loan seller, Trustee of Pooled Assets, Trustee for holders of certificates of Collateralized Mortgage Obligations*, | |
| Defendants. | |

Timothy J. Boe, 5121 70th Avenue, Princeton, MN 55371, *pro se*.

Edwin H. Caldie, III and Monica L. Davies, **LEONARD, STREET AND DEINARD, PA,** 150 South Fifth Street, Minneapolis, Suite 2300, MN 55402, for defendants/counterclaimants JP Morgan Chase Bank, NA and Chase Home Finance LLC.

Before the Court are plaintiff Timothy J. Boe's objections to the Report and Recommendation of United States Magistrate Judge Jeanne H. Graham dated April 13, 2011. (Docket No. 34.) Boe executed a promissory note and mortgage in favor of

defendant JP Morgan Chase Bank, N.A. on February 28, 2007, in exchange for a loan of $232,400 to purchase real estate. (Compl. ¶¶ 8, 9, Docket No. 1.) Boe defaulted on the loan, resulting in foreclosure and a sheriff's sale of the home on March 19, 2009. (*Id.* ¶ 31.) Boe subsequently filed suit against JP Morgan Chase Bank and Chase Home Finance LLC (collectively "Chase") on May 27, 2010.

Boe's complaint alleges that Chase violated: (1) the Truth in Lending Act ("TILA"), (2) the Real Estate Sales Procedures Act ("RESPA"), and (3) Minnesota's statute of frauds, Minn. Stat. § 513.04.[1] Boe also states a claim for intentional infliction of emotional distress and alleged defects in the foreclosure process. Boe requests that the Court void the mortgage, note, and foreclosure; he also seeks injunctive relief as well as damages. Chase denies any wrongdoing, and asserts a counterclaim for a declaratory judgment that it is the rightful property owner. (Docket No. 5.) Chase moved to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(c).[2] (Docket No. 16.) On April 13, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Chase's motion and dismiss the case. (Docket No. 34.) Boe raises numerous objections to the Report and Recommendation, including objections that the TILA limitations period should be tolled, Chase violated the statute of frauds, the statute of frauds is unconstitutional, and Chase has "unclean hands."

---

[1] In his complaint, Boe cites Minn. Stat. § 336.2-201, the statute of frauds governing sales of goods. Liberally construing Boe's complaint, the Magistrate Judge analyzed the claim pursuant to Minn. Stat. § 513.04, governing conveyances of real property. The Court now does so as well.

[2] Boe's memorandum in opposition to Chase's motion to dismiss is styled as and docketed as a "Motion to Deny Dismissal." (Docket No. 32.)

The Court reviews *de novo* those portions of the Magistrate Judge's Report and Recommendation to which Boe objects. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2. When considering a motion for judgment on the pleadings under Fed R. Civ. P. 12(c), the Court must "'accept as true all factual allegations set out in the complaint' and . . . 'construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor.'" *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In order to pass the plausibility requirement a claim must assert more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the Court holds *pro se* litigants to a lesser pleading standard, they must still allege sufficient facts to support their claim. *See Gerstner v. Sebig, LLC*, 386 Fed. App'x 573, 575 (8th Cir. 2010).

The Magistrate Judge correctly concluded that the complaint fails to state a claim on which relief can be granted. Boe does not challenge the Magistrate Judge's determination that his TILA and RESPA claims are barred by the statute of limitations; he objects, however, that the limitations period should be tolled for his TILA claim based on the federal common law doctrine of fraudulent concealment. *See Evans v. Rudy-*

*Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999) (explaining that under the doctrine of fraudulent concealment, TILA's limitations period would commence on "the date on which the borrower discovers or has a reasonable opportunity to discover the fraud involving the complained of TISA violation") (internal quotation marks omitted). A plaintiff must establish two elements to support the application of the doctrine of fraudulent concealment: "1) that the Defendant engaged in a course of conduct to conceal evidence of the Defendant's alleged wrongdoing; and 2) that the Plaintiff failed to discover the facts giving rise to [his] claim despite [his] exercise of due diligence." *Id.* After a careful review of Boe's complaint, the Court finds it bereft of factual allegations to support either element. Accordingly, Boe's TILA claim must be dismissed.[3]

In his objection, Boe reasserts his claim that Chase's failure to sign the mortgage loan documents violates the statute of frauds. Boe's argument, however, is contrary to the statutory language which makes clear that only the person "'creating, granting, assigning, surrendering, or declaring' the interest in real property must sign the document." *Boe v. TCF Nat. Bank*, No. 10-2362, 2010 WL 3827946, at *3 (D. Minn. Sept. 24, 2010) (quoting Minn. Stat. § 513.04). Here, Boe created the interest in his real property and in his complaint he acknowledges signing the promissory note. (Compl. ¶¶ 8, 13.) Boe's complaint does not sufficiently allege that the statute of frauds violates the federal constitution's Equal Protection clause or prohibition on laws "impairing the

---

[3] Moreover, to the extent Boe has asserted allegations of common law fraud, they have not been pled with sufficient particularity. Fed. R. Civ. P. 9(b).

obligation of contracts," and the Court finds his constitutional challenges without merit. U.S. Const. art. I, § 10, cl. 1.

Finally, Boe objects that he should be able to proceed with his claim of unclean hands despite the fact such a claim was not included in his complaint, and despite Boe's failure to attribute any of the conduct supporting the claim to Chase directly. The Court overrules this objection due to the lack of factual support in the complaint. The Court also overrules all other objections discernable in Boe's submission but not specifically addressed in this order.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket Nos. 45-46] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated April 13, 2011 [Docket No. 34]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 16] is **GRANTED**.

2. Plaintiff's Motion to Deny Dismissal Motion [Docket No. 32] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 16, 2011
at Minneapolis, Minnesota.

　　　　　s/ John R. Tunheim　　　　
JOHN R. TUNHEIM
United States District Judge